UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| MARK SANDERS,<br><br>                          Plaintiff,<br><br>vs.<br><br>GIANNOTTA, et al.,<br><br>                          Defendants. | <br><br><br><br>5:03-CV-1117<br>(J. Kahn) |

_____

| | |
|---|---|
| APPEARANCES: | OF COUNSEL: |
| MARK SANDERS<br>Plaintiff, Pro Se | |
| RYAN & SMALLACOMBE, PLLC<br>Attorneys for Defendants | CLAUDIA A. RYAN, ESQ.<br>JOHN F. MOORE, ESQ. |

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## ORDER

Presently before the court are two motions filed by defendants. One motion requests an order compelling plaintiff to respond to discovery demands within a certain time period and warning plaintiff of dismissal if he should fail to respond. (Dkt. No. 13). The second motion is a letter-motion, filed by defense counsel, requesting dismissal of this action because plaintiff has failed to prosecute this action, respond to the motion, or respond to the outstanding discovery requests. (Dkt. No. 14).

The court would first point out that the docket sheet in this action indicates that defendants' motion was to compel, "and/or Dismiss Complaint." (Dkt. No. 13). However, in defendants' affidavit in support of their motion, the defendants requested

that this court order plaintiff to produce the discovery and that the court extend the discovery deadline for plaintiff to comply.  The defendants also requested an order, stating that if plaintiff failed to produce the discovery "within the time set by the court, the ... action will be dismissed." Ryan Aff. ¶ 11.  Contrary to the docket entry, the motion is *not* technically one for dismissal.

The Local Rules of the Northern District of New York do not require a memorandum of law to be filed with a "motion to compel" under FED. R. CIV. P. 37[1]. Defendants' original motion properly asked the court to compel plaintiff to respond to the discovery requested, and properly asked for an order which warned plaintiff of the possible sanctions for failure to comply with that order.  Now, however, defendants have filed a "letter-motion," adding a request for dismissal to their motion to compel because plaintiff has not produced the requested discovery or responded to the motion within the time allowed.

Defendants' letter-motion is improper because dismissal of an action may ***not be requested in a letter***, and a motion to dismiss, whether as a sanction for failure to comply with discovery, for failure to prosecute, or any other reason for dismissal, must be accompanied by the appropriate submissions, including a memorandum of law.  Thus, defendants' letter-motion must be denied as improper.  The court will proceed to consider the defendants' original motion to compel.  The court will also warn plaintiff of the possible sanctions for failure to comply with a discovery order, issued by the court.

---

[1] LOCAL RULES NDNY 7.1(a)(1)(E).

**1.     Production of Discovery**

In their affidavit, defendants state that their first set of discovery requests were served on plaintiff on January 14, *2005*.  On the same day, defendants also served a notice to take plaintiff's deposition. Ryan Aff. ¶ 3 & Defs. Ex. A.  Plaintiff did not respond to the discovery requests, and defendants wrote various letters to plaintiff in an attempt to obtain the outstanding discovery. Ryan Aff. ¶ 4.  Defendants have attached these letters as Exhibit B to their motion to compel.  The discovery deadline in this action was set for July 30, 2006. (Dkt. No. 12)(scheduling order).

Defendants also state that they scheduled plaintiff's deposition for July 6, 2006, but had to cancel the deposition because plaintiff failed to produce the requested discovery. Ryan Aff. ¶ 6.  Defense counsel's letter to plaintiff scheduling the deposition is dated April 20, 2006, and the letter cancelling the deposition is dated June 29, 2006.

In this civil rights action, plaintiff alleges that defendant police officers used excessive force against him, resulting in injury and hospitalization. (Dkt. No. 1).  A review of discovery requested by defendants shows that the information sought is relevant to the plaintiff's claims.  Thus, defendants requests are proper and plaintiff should have submitted responses to the discovery or should have objected to responding if he believed that there were legal grounds to object.  Plaintiff has not even responded to this motion to compel.  He appears to have abandoned this action.

Because plaintiff is pro se, the court will give plaintiff a *last opportunity* to respond to defendants' discovery requests and will order that plaintiff respond to the

outstanding requests within *thirty (30) days of the date of this order*.

**2.     Discovery Sanctions**

As stated above, this court will order plaintiff to produce the requested discovery within *thirty days*. The court must specifically warn plaintiff, however, that there are sanctions for failure to respond. Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to serve answers or objections to interrogatories, after having received proper service of the discovery requests, the court may take various steps to sanction the disobedient party, including dismissal of the case. FED. R. CIV. P. 37(d)(cross referencing Rule 37(b)(2)(c) which authorizes the court to dismiss an action for failure to comply with a discovery order). Rule 37(b)(2)(c) specifically authorizes a court to dismiss an action if the party disobeys *an order of the court* to provide discovery.

The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991). Other sanctions include preclusion, expenses, and attorneys fees. FED. R. CIV. P. 37(b)(2). In order to impose the severe sanction of dismissal, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Bobal*, 916 F.2d at 764. The party in question, particularly a *pro se* litigant, must have had *prior notice* that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995). Plaintiff in this case has not been notified by the court of the

possible sanctions for his failure to respond.

***This court is hereby providing plaintiff with notice that the failure to comply with this order may result in dismissal of his action.*** Plaintiff has made some serious allegations in this case, and defendants are entitled to obtain discovery regarding plaintiff's claims. Plaintiff has completely ignored the litigation process and is dangerously close to a recommendation of dismissal, not only as a discovery sanction, but for failure to prosecute. If plaintiff fails to respond to the discovery, this court will entertain a formal motion to dismiss, both as a discovery sanction and for failure to prosecute this case.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that defendants' motion to compel discovery (Dkt. No. 13) is **GRANTED**, and plaintiff must respond to defendants' outstanding discovery requests within **THIRTY (30) DAYS** of the date of this order, and it is

**ORDERED**, that if plaintiff fails to respond in the time allotted, defendants may file a formal motion to dismiss as stated above, and it is further

**ORDERED**, that defendants' letter-motion to dismiss (Dkt. No. 14) is **DENIED AS INSUFFICIENT.**

Dated: August 30, 2006

                                          Hon. Gustave J. DiBianco
                                          U.S. Magistrate Judge