UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK SANDERS,

                              Plaintiff,

   -against-                                         5:03-CV-1117
                                                                (LEK/GJD)

GARY GIANNOTTA, *Chief of Auburn Police Department*; *et al.*,

                              Defendants.
_____

## DECISION AND ORDER

### I. Background

Plaintiff Mark Sanders ("Plaintiff") filed his *pro se* Complaint in this matter, pursuant to, *inter alia*, 42 U.S.C. §§ 1983 & 1988, on September 12, 2003. See Complaint (Dkt. No. 1). Defendants filed an Answer on January 6, 2005. See Answer (Dkt. No. 10). Thereafter, Plaintiff filed a Notice of a change of address, on February 11, 2005, notifying the Court and Defendants that Plaintiff's address changed from Franklin Correctional Facility to Great Meadow Correctional Facility. See Notice (Dkt. No. 11). The Great Meadow Correctional Facility address is the address currently listed for Plaintiff on the Docket of this case, and is the last update received from Plaintiff.

On November 27, 2006, Defendants filed a Motion to dismiss for lack of prosecution pursuant to Rule 37(b)(2)(C) of the *Federal Rules of Civil Procedure*. See Motion (Dkt. No. 16). Defendants state that Plaintiff has failed to comply with a Court order, issued by the Honorable Gustave J. DiBianco, United States Magistrate Judge, compelling Plaintiff's responses to Defendants' discovery demands. See August 2006 Order (Dkt. No. 15). Defendants also argue that

1

Plaintiff has failed to update his address as required by the Local Rules, since Defendants' mailing of the papers for the Motion to dismiss - sent to Plaintiff at Great Meadow Correctional Facility - was returned as undeliverable, with a notation on the envelope informing Defendants that Plaintiff's new address was Bare Hill Correctional Facility.  See Affid. in Support (Dkt. No. 19 & Ex. A).  Defendants further claim that upon mailing a set of papers to Plaintiff at the Bare Hill Correctional Facility address, those papers were returned as undeliverable, as well, with a notation on the envelope that Plaintiff was not at the facility.  See id., Ex. B.

In addition, upon a search of the Inmate Information Database maintained by the New York State Department of Correctional Services - using Plaintiff's Department ID Number 01-B-1479 - the Court has determined that Plaintiff was paroled on December 1, 2006.  See N.Y.S. DOCS Inmate Population Information Search website *at* http://nysdocslookup.docs.state.ny.us/kinqw00 (last visited Mar. 9, 2007).

In the August 2006 Order, Judge DiBianco clearly set forth Plaintiff's discovery obligations, and specifically warned Plaintiff about the potential sanctions that could accompany any failure to provide the requested discovery, or comply with the Court's Order.  Id.  Specifically, Judge DiBianco stated:

> [T]his court will order plaintiff to produce the requested discovery within ***thirty days***.  The court must specifically warn plaintiff, however, that there are sanctions for failure to respond.  Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to serve answers or objections to interrogatories, after having received proper service of the discovery requests, the court may take various steps to sanction the disobedient party, including dismissal of the case.  FED. R. CIV. P. 37(d)(cross referencing Rule 37(b)(2)(c) which authorizes the court to dismiss an action for failure to comply with a discovery order).  Rule 37(b)(2)(c) specifically authorizes a court to dismiss an action if the party disobeys ***an order*** of the court to provide discovery.

> The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991). Other sanctions include preclusion, expenses, and attorneys fees. FED. R. CIV. P. 37(b)(2). In order to impose the severe sanction of dismissal, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Bobal*, 916 F.2d at 764. The party in question, particularly a *pro se* litigant, must have had ***prior notice*** that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995)....
>
> ***This court is hereby providing plaintiff with notice that the failure to comply with this order may result in dismissal of his action.*** Plaintiff has made some serious allegations in this case, and defendants are entitled to obtain discovery regarding plaintiff's claims. Plaintiff has completely ignored the litigation process and is dangerously close to a recommendation of dismissal, not only as a discovery sanction, but for failure to prosecute. If plaintiff fails to respond to the discovery, this court will entertain a formal motion to dismiss, both as a discovery sanction and for failure to prosecute this case.

Id. at 4-5 (emphasis by J. DiBianco).

## II. Discussion

United States Courts are vested with broad discretion to impose sanctions for non-compliance with court orders, and those sanctions can include the severe sanction of dismissing a case. See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC, No. 01 Civ. 6600(RLC), 2005 WL 3370542, at *1 (S.D.N.Y. Dec. 12, 2005) ("Moreover, the court has the inherent authority to dismiss a case when a party disobeys any of its orders.") (citing Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991)). Southridge addressed discovery orders, but there is also no difference for non-compliance with any other court order. See Dumpson v. Goord, No. 00-CV-6039 CJS, 2004 WL 1638183 (W.D.N.Y. Jul. 22, 2004) (Court ordered one of the plaintiffs to provide address where he could be reached; plaintiff failed to comply; plaintiff was dismissed from the case). Furthermore, the Second Circuit has held that "it is unquestioned that [Federal Rule of Civil

3

Procedure] 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute". LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (Calabresi, J.) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).  Rule 41(b) addresses not only Plaintiff's failure to prosecute, but also Plaintiff's "failure... to comply with these rules or any order of court".  FED. R. CIV. P. 41(b).  See also Dumpson, 2004 WL 1638183, at *2 ("a court may *sua sponte* dismiss a plaintiff's action for failure to comply with an order of the court.... Such decisions are committed to the Court's sound discretion.... *Pro se* plaintiffs are entitled to a degree of leniency, but this 'should not extend to the disregard of a judge's plain directives.'") (citing, *inter alia*, Costello v. United States, 365 U.S. 265, 286-87 (1961); Lucas v. Miles, 84 F.3d 532, 538 (2d Cir. 1996)).

Both attorneys and *pro se* litigants are required to immediately notify the Court and their adversaries of any change in their address or contact information.  See N.D.N.Y. L.R. 10.1(b)(2). "Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."  N.D.N.Y. L.R. 41.2(b).  "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit."  Dumpson, 2004 WL 1638183, at *3.

Moreover, as then-District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

Dansby v. Albany County Corr. Facility Staff, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y.

Apr. 10, 1996) (Pooler, D.J.) (quoting Perkins v. King, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); see, generally, N.D.N.Y. L.R. 41.2(b).

The Second Circuit in LeSane held that:

*pro se* plaintiffs should be granted special leniency regarding procedural matters.... Finally, "this court has repeatedly detailed factors... to be considered before dismissal for failure to comply with a court order," and these factors significantly cabin a district court's discretion under Rule 41(b), so that "deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme."... Specifically, a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

LeSane, 239 F.3d at 209 (citing and quoting Lucas, 84 F.3d at 535; Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)).

This Court has evaluated the factors as set forth by the Second Circuit. Plaintiff's inaction and failure to prosecute has spanned several years. Plaintiff has clearly failed to comply with an Order of the Court compelling discovery, and has clearly failed to comply with an Order of this Court (September 2003 - see Dkt. No. 3) and with Local Rule 10.1(b)(2) in failing to update his address. Plaintiff's own failure to update his address has frustrated this Court's and Defendants' ability to contact him. The Court finds that it would be futile to make any further attempts to contact Plaintiff. See, generally, Bottom v. Cooper, No. 03-CV-6493L, 2005 WL 2496052 (W.D.N.Y. Oct. 7, 2005).

Given the law and factors discussed above, Plaintiff's failures in this matter warrant the imposition of the sanction of dismissal.

5

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED**, that this action is **DISMISSED** due to Plaintiffs' lack of prosecution and failure to update his address as required by this District's Local Rules.  The Clerk of the Court shall **CLOSE Case Number 5:03-CV-1117 (LEK/GJD)**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    March 29, 2007
          Albany, New York

Lawrence E. Kahn
U.S. District Judge